**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

VIA ECF

December 17, 2024

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Simon v. Scripps Networks, LLC*, No. 1:24-cv-08175 (S.D.N.Y.)

Dear Judge Castel:

This firm represents Defendant Scripps Networks, LLC ("Scripps") in the above-referenced action. We are writing this pre-motion letter pursuant to Your Honor's Rules to request leave to file Scripps' proposed Motion to Dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). An initial conference is scheduled for January 27, 2025 at 12:00pm.

Plaintiff brings a one-count putative class action complaint against Scripps—which owns and operates the website HGTV.com—alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq*. (the "VPPA"). The VPPA prohibits a "video tape service provider" from "knowingly" disclosing "personally identifiable information," ("PII") which the VPPA defines as information that identifies both a specific person and the specific video material such person viewed. 18 U.S.C. §§ 2710(a)(3); (a)(4); (b)(1). Plaintiff claims that she signed up for the HGTV newsletter by entering her email address into a sign-up box on HGTV.com, and that Scripps disclosed her email address, certain "cookies" containing her Facebook ID, and video "event data" revealing what videos she watched on HGTV.com. FAC ¶¶ 16-41, 51-54. Plaintiff contends this disclosure violated the VPPA. *Id.* ¶ 5.

This is not the first VPPA action bringing such claims against Scripps in this Court. Over two years ago, Plaintiff's counsel filed a nearly identical lawsuit on behalf of different named plaintiffs, which this Court rightly dismissed. *See Carter v. Scripps Networks, LLC*, 670 F. Supp. 3d 90 (S.D.N.Y. April 24, 2023) (Castel, J.). Plaintiff's counsel appears emboldened by the Second Circuit's recent decision in *Salazar v. Nat'l Basketball Association*, 118 F.4th 533 (2d Cir. 2024). However, this new effort fails, as (1) Plaintiff has no Article III standing because Scripps removed the Meta Pixel from all of HGTV.com's video pages more than two years ago, and (2) Plaintiff fails to state a claim for relief by failing to establish all requisite elements for a VPPA

claim. Scripps thus intends to file a motion to dismiss based on the below legal and factual bases.

## I. Plaintiff Lacks Standing to Bring a VPPA Claim Against Scripps

As an initial matter, Plaintiff lacks standing to bring her claim. On a motion to dismiss based on a plaintiff's lack of standing, defendants may challenge the plaintiff's standing by proffering evidence beyond the complaint to demonstrate the existence of factual problems underlying the plaintiff's claims. *See Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, 2023 WL 5935694, at *3 (S.D.N.Y. Sept. 12, 2023). Indeed, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings[.]" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). When analyzing a factual challenge, "no presumptive truthfulness attaches to the complaint's allegations; rather the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Dakus*, 2023 WL 5935694 at *3.

Plaintiff's complaint cannot survive a factual challenge to standing. Neither Plaintiff nor any of the putative class members could have any standing to bring their claims because the Meta Pixel was not active on any of HGTV.com's video pages during the last two years. Scripps removed the Meta Pixel from all of HGTV.com's video pages in the spring of 2022, two and a half years before Plaintiff filed her complaint.[1] The factual record is therefore insufficient for Plaintiff to show "by a preponderance of evidence that [standing] exists." *Tandon*, 752 F.3d at 243 (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000)). Plaintiff, accordingly, has shown no injury in fact that she personally suffered, and therefore has no standing to bring her VPPA claim against Scripps. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 566-67 (1992).[2]

## II. Plaintiff Fails to Plausibly Allege that the Newsletter Contained the Pixel

Plaintiff also fails to plead several facts needed for her VPPA claim, thereby failing to state a claim upon which she can seek relief. By failing to plausibly allege the Newsletter contained the Pixel, Plaintiff fails to plead facts demonstrating any nexus between her purported subscription and the alleged violation of the VPPA, as was required. While this issue was not addressed by the Second Circuit in *Salazar*, "[c]ourts have [] required the existence of a factual nexus or relationship between the subscription provided by the defendant and the defendant's allegedly actionable video content[,]" and dismissed claims that fail to allege such a nexus. *See, e.g., Tawam v. Feld Ent. Inc.*, 2023 WL 5599007, at *5 (S.D. Cal. July 28, 2023); *Kuzenski v. Uproxx LLC*, 2023 WL 8251590, at *4 (C.D. Cal. Nov. 27, 2023); *Carter v. Scripps Networks, LLC*, 670 F. Supp. 3d 90, 99 (S.D.N.Y. 2023) (Castel, J.) (emphasizing the lack of connection between defendant's video content and plaintiffs' alleged subscriptions and dismissing VPPA Meta Pixel claims). In her Complaint, Plaintiff does not allege that the Newsletter itself contained the Pixel. Given Plaintiff

[1] Scripps will supply a declaration in support of these factual contentions if granted leave to file a motion to dismiss.

[2] Because permitting Plaintiff leave to further amend her complaint would be futile given the Pixel was removed over two years ago, the Court need not grant Plaintiff leave to amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citation omitted) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

points only to the Pixel in articulating the alleged VPPA violation, *e.g.*, FAC ¶ 43, her failure to plead that the Newsletter contained it means she has not pled facts establishing the required nexus, which is fatal to her claims.

## III. Plaintiff Fails to Plausibly Allege that Scripps Knowingly Disclosed Her PII

Plaintiff fails to plausibly allege that Scripps disclosed her personally identifiable information ("PII"), or that it did so knowingly, as required under the VPPA. The VPPA specifies that PII "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). Here, Plaintiff alleges that when an HGTV.com visitor watches a video on HGTV.com while logged into Facebook, Scripps "compels a visitor's browser to transmit" cookies to Facebook, including the c_user cookie, which contains an "unencrypted Facebook ID[.]" FAC ¶ 24. Plaintiff's pleading acknowledges that the c_user cookie is transmitted ***only while*** an HGTV.com visitor is logged into Facebook and has not cleared their cookies. *Id.* ¶¶ 24-27. Plaintiff, however, never specifically alleges that she was actually logged into Facebook and had not cleared her cookies while she viewed videos on HGTV.com.

In addition, Plaintiff has failed to plausibly allege that any information was transmitted that identified her via the c_user cookie. The Facebook ID that appears in the Complaint does not lead to Plaintiff's profile—in fact, it *does not lead to any person's profile at all*. Various courts analyzing similar issues, including in the Second Circuit, have found that the transmission of a Facebook ID by itself does not constitute PII. *See Ghanaat v. Numerade Labs*, 2023 WL 5738391, at *4 (N.D. Cal. Aug. 28, 2023) (disclosure of a Facebook ID is not PII unless "it leads to a Facebook page that discloses personal and identifying information about the consumer."); *see also Solomon v. Flipps Media, Inc.*, 2023 WL 6390055, at *3 (E.D.N.Y. Sept. 30, 2023), *appeal filed* ("The Court finds the reasoning in *Ghanaat* persuasive and adopts it here.").

Even beyond these issues, it is Meta who places the c_user cookie on an individual's browser and receives information from it. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 948 (N.D. Cal. 2017) ("Facebook puts cookies on visitors' computers. It uses these cookies to store information about each visitor—for instance, the 'c_user' cookie is a unique identifier"), *aff'd*, 745 F. App'x 8 (9th Cir. 2018); *In re Hulu Priv. Litig.*, No. C 11-03764 LB, 2014 WL 2758598, at *5 (N.D. Cal. June 17, 2014) ("Facebook sets the c_user cookie."). To the extent the cookie was transmitted at all, Meta transmitted it to itself. Scripps did not create the cookie, nor did it disclose it. *See In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1093 n.3 (N.D. Cal. 2015) ("[A website] can read only [its own] cookies, while Facebook can only read facebook.com cookies."). Because Scripps did not disclose the cookie which purportedly contained Plaintiff's identifying information, Plaintiff has not plausibly alleged that Scripps disclosed PII.

The other cookies the Complaint discusses—which contain *encrypted* Facebook IDs and browser identifiers (FAC ¶ 26)—are also transmitted by Meta to itself, and do not constitute PII under the VPPA. *Id.* ¶¶ 26-28. In *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-CV-04570 (LAK) (KHP), 2017 WL 3727230, at *8 (S.D.N.Y. Aug. 11, 2017), plaintiff argued that Facebook's "fr" cookie constituted PII under the VPPA. The Court disagreed, finding specifically with respect to the "fr" cookie that "there is no binding precedent to support [the plaintiff's]

interpretation of PII and, on the contrary, there is case law to support Barnes & Noble's position that the alleged disclosure may not constitute PII[.]" *Id.* at *9 (alteration in original). Indeed, PII "means only that information that would 'readily permit a permit an ordinary person to identify a specific individual's video-watching behavior.'" *See Wilson v. Triller, Inc.*, 598 F. Supp. 82, 91 (adopting *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 282-83, 290 (3d Cir. 2016) and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017)). Here, Plaintiff has not pled at all how encrypted Facebook IDs and browser identifiers could be used by an ordinary person without access to Meta's analytics tools to identify any specific user's watch history.

Further, even if Plaintiff did adequately allege that Scripps disclosed PII under the VPPA—which she has not—Plaintiff still has not sufficiently alleged that Scripps knowingly disclosed any information that "identifies a person as having requested or obtained specific video materials[.]" 18 U.S.C. §§ 2710(a)(3), 2710(b)(1). As this District has held, it is not enough to allege that Scripps knew that Facebook had the capability to use PII to match users with their video watching history. *Bernardino*, 2017 WL 3727230 at *9. Plaintiff must specifically allege that Scripps knew that the information it was conveying was PII, "regardless of whether it knew what Facebook might do with the information." *Id*. And here, while Plaintiff alleged that the Meta Pixel and Meta have certain capabilities to transmit PII and match that information to users, she still has not met her burden to adequately allege that Scripps knew that the data being collected and transmitted by the Meta Pixel was HGTV.com users' PII. She instead merely relies on the allegation that the Meta Pixel is active on HGTV.com's video pages (which, as stated above, is factually untrue) to conclude that Scripps made knowing disclosures of PII, which by itself is insufficient. FAC ¶¶ 45, 46.

For these reasons, Scripps requests the Court's permission for it to move to dismiss Plaintiff's Complaint in its entirety. If the Court grants leave to file any motion, Scripps proposes that it be allowed to file the motion within 30 days of the Court's order, that Plaintiff respond 30 days later, and that Scripps reply 20 days after that.

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai

cc: All Counsel of Record (via ECF)