**Weil, Gotshal & Manges LLP**

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

February 10, 2025

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Simon v. Scripps Networks, LLC*, No. 1:24-cv-08175 (S.D.N.Y.)

Dear Judge Castel:

This firm represents Defendant Scripps Networks, LLC ("Scripps") in the above-referenced action. We are writing this pre-motion letter pursuant to Your Honor's Rules to request leave to file Scripps' proposed Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety and with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). An initial case management conference is scheduled for February 24, 2025 at 12:00 pm.

Plaintiff filed her Second Amended Complaint on January 27, 2025. However, the new allegations contained therein still fail to plausibly allege a violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq*. (the "VPPA"). As previously stated in Scripps' initial pre-motion letter (ECF No. 17), the VPPA prohibits a "video tape service provider" from "knowingly" disclosing "personally identifiable information," ("PII") which the VPPA defines as information that identifies both a specific person and the specific video material such person viewed. 18 U.S.C. §§ 2710(a)(3); (a)(4); (b)(1). In Plaintiff's single-count putative class action, she alleges she signed up for the HGTV newsletter in 2018 and watched videos on the HGTV website in subsequent years. Second Amended Complaint ("SAC") ¶ 52. Plaintiff further alleges that her email address and certain video watching information was disclosed to Facebook, and that this constitutes a violation of the VPPA. SAC ¶¶ 53-54.

Despite Plaintiff's amendment, her claim is deficient and fails because (1) she lacks Article III standing for her claim because her factual allegations supporting standing are contradicted by Scripps' records, (2) her remaining claims are time-barred by the statute of limitations, and (3) she fails to state a claim for relief by failing to establish all requisite elements for a VPPA claim. Scripps intends to file a motion to dismiss based on the following legal and factual bases.

## I. Plaintiff Lacks Article III Standing to Bring a VPPA Claim Against Scripps

As an initial matter, Plaintiff and the putative class still lack Article III standing. On a motion to dismiss based on a plaintiff's lack of standing, defendants may challenge the plaintiff's standing by proffering evidence beyond the complaint to demonstrate the existence of factual problems underlying the plaintiff's claims. *See Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, 2023 WL 5935694, at *3 (S.D.N.Y. Sept. 12, 2023). Indeed, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings[.]" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). When analyzing a factual challenge, "no presumptive truthfulness attaches to the complaint's allegations; rather the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Dakus*, 2023 WL 5935694 at *3.

Plaintiff's complaint cannot survive a factual challenge to standing. The SAC alleges that HGTV actively uses the Pixel to collect and transmit user PII to Meta. *See e.g.*, SAC ¶¶ 16, 24-25, 36-37, 49. However, Scripps removed the Pixel from all of HGTV.com's video pages in the spring of 2022, nearly three years before Plaintiff filed the SAC. Further, Plaintiff now alleges that she was subscribed to the Newsletter and watched videos on HGTV.com from 2018 to 2022. SAC ¶ 52. Scripps' internal records, however, demonstrate that Plaintiff unsubscribed from the Newsletter in January 2022, and the last record Scripps has of her visiting HGTV.com is from August 2021. Plaintiff therefore cannot possibly have standing to bring a claim for alleged disclosures occurring in 2022, as the factual record is insufficient to show "by a preponderance of evidence that [standing] exists" for those claims.[1] *Tandon*, 752 F.3d at 243 (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

## II. The Remaining Claims are Time-Barred

Plaintiff's remaining claims from 2021 or earlier are time-barred by the statute of limitations. The VPPA prescribes a two-year statute of limitations. 18 U.S.C. § 2710(c)(3). The complaint—which was filed in October of 2024—is on its face, time-barred. ECF No. 1. Indeed, as noted, Scripps' last record of Plaintiff visiting HGTV.com is from August 2021, meaning she filed her initial Complaint well after her claim would have accrued. Moreover, Plaintiff cannot avail herself of tolling because her SAC contains no allegations supporting the application of any tolling doctrines, such as the discovery rule. *See, e.g.*, *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 310 (S.D.N.Y. 2014) (discovery rule not applicable where plaintiff did not plead facts suggesting it could be applied).[2] Plaintiff also argued in her December 23, 2024 letter to the Court (ECF No. 18) that her claims

---

[1] Scripps will supply a declaration in support of these factual contentions if granted leave to file a motion to dismiss.

[2] Plaintiff also cannot rely upon the discovery rule because it requires her to have brought her claim after she discovered the alleged violation, or could have discovered it with "reasonable diligence." *See Ramiro Aviles v. S & P Glob., Inc.,* 380 F. Supp. 3d 221, 277 (S.D.N.Y. 2019). A link to the Privacy Policy appeared directly above the Newsletter sign-up button when Plaintiff signed up, and she could have used reasonable diligence to review the Policy, which stated HGTV.com may "collect information about how you use our Services, such as pages viewed and . . . video content . . . .". *See* Discovery, *Privacy Notice*, https://web.archive.org/web/20210817122914/https://corporate.discovery.com/privacy-policy/ (updated July 14, 2020); *Aubrey v. New Sch.,* 624 F. Supp. 3d 403, 408 (S.D.N.Y. 2022) (courts may take judicial notice of webpages on the Wayback

were timely because the statute of limitations was tolled by *Carter v. Scripps Networks, LLC*, 670 F. Supp. 3d 90 (S.D.N.Y. Apr. 24, 2023) (Castel, J.), a prior VPPA class action against HGTV. In her SAC, Plaintiff does not plead that *Carter* tolls her claims, but even it did, her claims would *still* be untimely. *Carter* was pending for one year and one month (the complaint was filed on March 11, 2022, the case was dismissed on April 24, 2023, and no appeal was taken). Accordingly, even if *American Pipe* tolling applied here, Plaintiff still filed her complaint too late. Indeed, even with *American Pipe* tolling, Plaintiff's claims would have at most remained viable for another thirteen months. As noted, Plaintiff here, however, did not file her initial complaint in this case until October 2024. Her claims are time-barred for this reason as well.

Furthermore, under New York law, parties may agree to a shorter limitations period as long as the period is not unreasonably short and is clearly set forth in the contract. *Newmont Mining Corp. v. AngloGold Ashanti Ltd.*, 344 F. Supp. 3d 724, 748 (S.D.N.Y. 2018). HGTV.com's Visitor Agreement is accessible from a hyperlink posted on every webpage on HGTV.com. *See* Discovery, *Discovery Visitor Agreement*, https://www.wbd.com/discovery-visitor-agreement/.[3] It unambiguously states that claims arising from the use of HGTV.com must be brought within *one year* of the relevant events, providing another basis for this Court to dismiss Plaintiff's claims regardless of whether tolling applies or not.

## III. Plaintiff Fails to Plausibly Allege that the Newsletter Contained the Pixel

Plaintiff also fails to plead several facts needed for her VPPA claim, and therefore fails to state a claim upon which she can seek relief. By failing to plausibly allege the Newsletter contained the Pixel, she fails to demonstrate the required nexus between her purported subscription and the alleged violation of the VPPA. "Courts have [] required the existence of a factual nexus or relationship between the subscription provided by the defendant and the defendant's allegedly actionable video content[,]" and dismissed claims that fail to allege such a nexus. *See, e.g.*, *Tawam v. Feld Ent. Inc.*, 2023 WL 5599007, at *5 (S.D. Cal. July 28, 2023); *Kuzenski v. Uproxx LLC*, 2023 WL 8251590, at *4 (C.D. Cal. Nov. 27, 2023); *Carter*, 670 F. Supp. 3d at 99 (emphasizing the lack of connection between defendant's video content and plaintiffs' alleged subscriptions and dismissing VPPA Meta Pixel claims). In her SAC, Plaintiff makes no effort to allege that the Newsletter itself contained the Pixel, despite having been on notice of this deficiency from Scripps' prior pre-motion letter. ECF No. 17. Given Plaintiff points only to the Pixel in articulating the alleged VPPA violation, *e.g.*, SAC ¶ 43, her failure to plead that the

Machine). Plaintiff therefore could not amend her complaint again to assert the discovery rule tolled her claims. *See Ramiro*, 380 F. Supp. 3d at 278 (declining to toll claims under discovery rule where, among other things, investment fund posted link on its website alerting plaintiffs to issues related to the claims they were now seeking to bring).

[3] Because HGTV.com and its alleged information collection practices are at the "center of Plaintiff[']s allegations," the website, including the Visitor Agreement and Privacy Policy, are incorporated by reference and can be considered "in its totality." *Orozco v. Fresh Direct, LLC*, 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016); *see also Wilson v. Triller, Inc.,* 598 F. Supp. 3d 82, 87 (S.D.N.Y. 2022) (finding defendants' terms of use to be incorporated into complaint by reference in a VPPA action).

Newsletter contained it is fatal to her claim.[4]

**IV. Plaintiff Fails to Plausibly Allege that Scripps Knowingly Disclosed Her PII**

Plaintiff again fails to plausibly allege that Scripps disclosed her personally identifiable information ("PII"), or that it did so knowingly, as required under the VPPA. The VPPA specifies that PII "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). As before, Plaintiff alleges that when an HGTV.com visitor watches a video while logged into Facebook, Scripps "compels a visitor's browser to transmit" cookies to Facebook, including the c_user cookie, which contains an "unencrypted Facebook ID[.]" SAC ¶ 24. Plaintiff, however, never specifically alleges that she was actually logged into Facebook and had not cleared her cookies while she viewed videos on HGTV.com.

In addition, Plaintiff has again failed to plausibly allege that any information was transmitted that identified her via the c_user cookie, despite Scripps having identified this issue in its prior letter. ECF No. 17. The Facebook ID that appears in the Complaint does not lead to Plaintiff's profile—in fact, it *does not lead to any person's profile at all*. Various courts analyzing similar issues, including in the Second Circuit, have found that the transmission of a Facebook ID by itself does not constitute PII if it is not linked to a publically accessible Facebook account. *See Ghanaat v. Numerade Labs*, 2023 WL 5738391, at *4 (N.D. Cal. Aug. 28, 2023) (disclosure of a Facebook ID is not PII unless "it leads to a Facebook page that discloses personal and identifying information about the consumer."); *see also Solomon v. Flipps Media, Inc.*, 2023 WL 6390055, at *3 (E.D.N.Y. Sept. 30, 2023), *appeal filed* ("The Court finds the reasoning in *Ghanaat* persuasive and adopts it here.").

Even beyond these issues, it is Meta who places the c_user cookie on an individual's browser and receives information from it. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 948 (N.D. Cal. 2017) ("Facebook puts cookies on visitors' computers."), *aff'd*, 745 F. App'x 8 (9th Cir. 2018). Scripps did not create the cookie, did not come into possession of the cookie, or disclose the cookie to Meta. *See In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1093 n.3 (N.D. Cal. 2015) ("[A website] can read only [its own] cookies, while Facebook can only read facebook.com cookies."); *Eichenberger v. ESPN*, Inc., 876 F.3d 979, 986 (9th Cir. 2017) (rejecting VPPA claim where defendant never possessed the information necessary to actually identify plaintiff). Here, the SAC again alleges that HGTV.com "compel[s] ***a visitor's browser to disclose***" information to Meta. SAC ¶¶ 45-48. As Scripps previously argued, because Scripps did not disclose the cookie which purportedly contained Plaintiff's identifying information, Plaintiff has not plausibly alleged that Scripps disclosed PII.

Moreover, as before, the other cookies the SAC discusses—which contain *encrypted* Facebook IDs and browser identifiers (SAC ¶ 26)—are also transmitted by Meta to itself, and do not constitute PII under the VPPA. *Id.* ¶¶ 26-28. In *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-CV-04570

[4] In her prior letter, Plaintiff asserted that *Salazar* foreclosed Scripps' argument that she failed to plausibly allege the Newsletter contained the Pixel, but Plaintiff fails to acknowledge that the *Salazar* court did not address this argument in its decision. ECF No. 18; *see generally Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533 (2d Cir. 2024).

(LAK) (KHP), 2017 WL 3727230, at *8 (S.D.N.Y. Aug. 11, 2017), the court found that with respect to the "fr" cookie "there is no binding precedent to support [the plaintiff's] interpretation of PII and, on the contrary, there is case law to support Barnes & Noble's position that the alleged disclosure may not constitute PII[.]" *Id.* at *9 (alteration in original). Indeed, PII "means only that information that would 'readily permit a permit an ordinary person to identify a specific individual's video-watching behavior,'" but Plaintiff has not pled how that could be done so here. *See Wilson*, 598 F. Supp. at 91 (adopting *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 282-83, 290 (3d Cir. 2016) and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017)).

Further, even if Plaintiff did adequately allege that Scripps disclosed PII under the VPPA—which she still has not done—Plaintiff still has not sufficiently alleged that Scripps knowingly disclosed any information that "identifies a person as having requested or obtained specific video materials[.]" 18 U.S.C. §§ 2710(a)(3), 2710(b)(1). Plaintiff must specifically allege that Scripps knew that the information it was conveying was PII, "regardless of whether it knew what Facebook might do with the information." *Bernardino*, 2017 WL 3727230 at *9. While Plaintiff has again alleged that the Meta Pixel and Meta have certain capabilities to transmit PII and match that information to users, she still has not met her burden to adequately allege that Scripps knew that the data being collected and transmitted was PII. She instead merely alleges that the Meta Pixel is active on HGTV.com's video pages (which is untrue) to conclude that Scripps made knowing disclosures of PII. SAC ¶¶ 45, 46.[5]

For these reasons, Scripps requests the Court's permission for it to move to dismiss Plaintiff's SAC in its entirety. If the Court grants leave to file any motion, Scripps proposes that it be allowed to file the motion within 30 days of the Court's order, that Plaintiff respond 30 days later, and that Scripps reply 20 days after that.

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai

CC: All Counsel of Record (via ECF)

[5] The Meta Pixel cases on which Plaintiff relied in her prior letter, such as *Czarnionka v. Epoch Times Ass'n*, 2022 WL 17069810, (S.D.N.Y. Nov. 17, 2022) and *Aldana v. GameStop, Inc.*, 2024 WL 708589 (S.D.N.Y. Feb. 21, 2024), do not establish otherwise, as the courts there did not dispute that the c_user cookie is Meta's cookie, or that Meta deposits the cookie on users' browsers. *See* ECF No. 18.