**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSTANCE SIMON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCRIPPS NETWORKS, LLC,<br><br>Defendant. | 1:24-cv-08175-PKC |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendant Scripps Networks, LLC*

# TABLE OF CONTENTS

INTRODUCTION ..... 1

ARGUMENT ..... 1

- I PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT CLAIMS ARISING IN 2022 ..... 1
- II PLAINTIFF'S CLAIMS PRIOR TO 2022 ARE TIME-BARRED ..... 4
- III PLAINTIFF FAILS TO STATE A CLAIM TO RELIEF UNDER THE VPPA ..... 7
  - A. Plaintiff Still Fails to Allege Disclosure of PII ..... 8
  - B. The Second Circuit has Foreclosed Plaintiff's Argument on PII ..... 9
  - C. Plaintiff Does Not Plead that Her Information Was Disclosed Knowingly ..... 10

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ade v. Viki, Inc.*,
No. 23-cv-02161, 2024 WL 1880153 (N.D. Cal. Mar. 28, 2024) ....5

*Austin-Spearman v. AMC Network Ent. LLC*,
98 F. Supp. 3d 662 (S.D.N.Y. 2015)....3

*Bernardino v. Barnes & Noble Booksellers, Inc.*,
No. 17-CV-04570, 2017 WL 3727230 (S.D.N.Y. Aug. 11, 2017)....10

*Boos v. Runyon*,
201 F.3d 178 (2d Cir.2000)....4

*Carter v. Scripps Networks, LLC*,
670 F. Supp. 3d 90 (S.D.N.Y. Apr. 24, 2023) (Castel, J.) ....7

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)....6

*In re Ciprofloxacin Hydrochloride Antitrust Litig.*,
261 F. Supp. 2d 188 (E.D.N.Y. 2003) ....5

*Clark v. Astrue*,
274 F.R.D. 462 (S.D.N.Y. 2011) ....4

*Collins v. Pearson Educ., Inc.*,
721 F. Supp. 3d 274 (S.D.N.Y. 2024)....3

*United States ex rel. Daugherty v. Tiversa Holding Corp.*,
342 F. Supp. 3d 418 (S.D.N.Y. 2018)....6

*Golden v. NBCUniversal Media, LLC*,
688 F. Supp. 3d 150 (S.D.N.Y. 2023)....8

*Hughes v. Nat'l Football League*,
No. 1:22-cv-10743, 2024 WL 4063740 (S.D.N.Y. Sept. 5, 2024), *appeal filed*,
No. 24-2656 (2d Cir. Oct. 7, 2024)....6

*In re Hulu Priv. Litig.*,
86 F. Supp. 3d 1090 (N.D. Cal. 2015) ....7

*Javier v. Assurance IQ, LLC*,
No. 20-cv-02860, 2023 WL 3933070 (N.D. Cal June 9, 2023)....5

*Koch v. Christie's Int'l PLC*,
699 F.3d 141 (2d Cir. 2012)....................6

*Lamb v. Forbes Media LLC*,
No. 22-CV-06319-ALC, 2023 WL 6318033 (S.D.N.Y. Sept. 28, 2023) ....................3, 8

*Lee v. Springer Nature Am., Inc.*
No. 24-cv-4493, 2025 WL 692152 (S.D.N.Y. Mar. 4, 2025)....................8, 10

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)....................2

*Morrison v. Nat'l Austl. Bank Ltd.*,
547 F.3d 167 (2d Cir.2008), *aff'd*, 561 U.S. 247 (2010) ....................1, 2, 3

*Newmont Mining Corp. v. AngloGold Ashanti Ltd.*,
344 F. Supp. 3d 724 (S.D.N.Y. 2018)....................6

*Orozco v. Fresh Direct, LLC*,
No. 15-CV-8226, 2016 WL 5416510 (S.D.N.Y. Sept. 27, 2016), *appeal dismissed*, No. 16–3629 (2d Cir. Mar. 10, 2017)....................6

*Saint-Jean v. Emigrant Mortg. Co.*,
129 F.4th 124 (2d Cir. 2025) ....................5

*Salazar v. Nat'l Basketball Ass'n*,
118 F.4th 533 (2d Cir. 2024), *petition for cert. filed*, No. 24-994 (U.S. Mar. 18, 2025) ....................2

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) ....................10

*Solomon v. Flipps Media, Inc.*,
No. 22-CV-5508 (JMA)(JMW), 2023 WL 6390055 (E.D.N.Y. Sept. 30, 2023), *aff'd*, No. 23-7597-CV, 2025 WL 1256641 (2d Cir. May 1, 2025) ....................8

*Solomon v. Flipps Media, Inc.*,
No. 23-7597-CV, 2025 WL 1256641 (2d Cir. May 1, 2025) ....................9

*Soule v. Conn. Ass'n of Schs., Inc.*,
90 F.4th 34 (2d Cir. 2023) (en banc) ....................2

*Town of Chester v. Laroe Ests. Inc.*,
581 U.S. 433 (2017)....................1

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................2

*Veltri v. Bldg. Serv. 32B-J Pension Fund*,
393 F.3d 318 (2d Cir. 2004)........................................5

*Wilson v. Triller, Inc.*,
598 F. Supp. 3d 82 (S.D.N.Y. 2022)........................................8

**Statutes**

Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* .................... passim

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ....................1, 2, 4

Federal Rule of Civil Procedure 12(b)(6) ....................1, 6, 7

Federal Rule of Civil Procedure 15 ....................7

## INTRODUCTION

Plaintiff's sweeping and generalized allegations, spanning 2018 through 2022, suffer three central infirmities and must be dismissed in full. ***First***, plaintiff does not establish an actual or particularized injury-in-fact sufficient to establish Article III standing for any 2022-specific claims. The last record of plaintiff viewing a video on the HGTV.com website (the "website") is from August 2021, and in January 2022, plaintiff affirmatively unsubscribed from the HGTV.com newsletter (the "newsletter"). ***Second***, plaintiff's remaining claims are time-barred by the Video Privacy Protection Act's ("VPPA") two-year statute of limitations. The HGTV Privacy Policy provided explicit notice of the challenged conduct, and plaintiff fails to carry her burden in identifying any form of tolling sufficient to preserve her claims until this action's commencement. ***Third***, and independently sufficient to dismiss the instant action, plaintiff fails to plausibly plead all requisite elements of a VPPA claim. Most glaring in light of intervening Second Circuit authority, plaintiff does not "plausibly allege that an ordinary person could identify" her through any information allegedly disclosed. For the following reasons, defendant's motions under Rule 12(b)(1) and Rule 12(b)(6) should be granted in full.

## ARGUMENT

### I. PLAINTIFF LACKS ARTICLE III STANDING TO ASSERT CLAIMS ARISING IN 2022

"Standing is not dispensed in gross," and defendant's Rule 12(b)(1) motion targets plaintiff's 2022-specific claims. *See Town of Chester v. Laroe Ests. Inc.*, 581 U.S. 433, 439 (2017). The unrefuted record evidence establishes that plaintiff did not suffer any injury cognizable under Article III in the year 2022. *See* Winkler Decl. ¶¶ 5 – 8. Thus, plaintiff has not carried her burden of establishing subject matter jurisdiction, and these claims must be dismissed. *Morrison v. Nat'l Austl. Bank Ltd.,* 547 F.3d 167, 170 (2d Cir.2008), *aff'd*, 561 U.S. 247 (2010).

Standing to bring a claim in federal court requires an injury-in-fact that is concrete, particularized, *and* actual or imminent. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("under Article III, an injury in law is not an injury in fact"). As plaintiff notes, an injury is "concrete" if it has a "close relationship to a harm traditionally recognized," *id.* at 417, 440 (citation omitted); and in the VPPA context, courts have recognized a common-law analogue with "public disclosure of private facts." *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 542 (2d Cir. 2024), *petition for cert. filed*, No. 24-994 (U.S. Mar. 18, 2025). Having alleged the requisite disclosure of personal information, plaintiff contends that *Salazar* alone provides her claims with a home in federal court. Opp'n at 3. But concreteness is just one leg of the stool.[1]

An injury is particularized if it "affect[s] the plaintiff in a personal and individual way," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992), and an injury is actual "if it has actually happened." *Soule v. Conn. Ass'n of Schs., Inc.*, 90 F.4th 34, 46 (2d Cir. 2023) (en banc). The extrinsic evidence properly before the Court forecloses the possibility that plaintiff suffered a particularized or actual injury in 2022.[2] In January 2022, plaintiff *affirmatively* "unsubscribed from the HGTV newsletter," *and* the "last record of Plaintiff viewing any video content on the HGTV.com website was in August 2021."[3] Winkler Decl. ¶¶ 6–7. On this purely factual score,

---

[1] Defendant does not concede the concreteness of plaintiff's alleged injuries, but focuses its motion on alternative deficiencies in plaintiff's standing analysis.

[2] "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison*, 547 F.3d at 170. Plaintiff explains that merits based attacks, "cannot dislodge subject matter jurisdiction." *Id*. at 4. But defendant does not contest that fault line. Plaintiff's failure to demonstrate a particularized or actual injury for Article III purposes is divorced from the merits of a VPPA claim.

[3] Independently sufficient to defeat standing for any claims arising thereafter, defendant "removed the Meta Pixel from all HGTV.com video pages" in March 17, 2022. Winkler Decl. ¶ 8.

plaintiff has no rebuttal. Notwithstanding plaintiff's generalized allegations, SAC ¶¶ 15–50, plaintiff does not explain how injury could accrue without contact with the website or newsletter.

Plaintiff's own case law guides the inquiry from here. Where "defendant's evidence reveals factual problems" related to subject matter jurisdiction, plaintiff "cannot rely solely upon their contrary allegations in their complaint to establish standing." *Lamb v. Forbes Media LLC*, No. 22-CV-06319-ALC, 2023 WL 6318033, at *8 (S.D.N.Y. Sept. 28, 2023). Rather, "a plaintiff must 'come forward with evidence of their own.'" *Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 281 (S.D.N.Y. 2024) (citation omitted). Indeed, in *Lamb* the issue before the court was whether plaintiff had *accessed* defendant's website in the alleged *time period*. *Id.* There, plaintiffs "controvert[ed] Defendant's extrinsic evidence" with evidence of their own. *Id.* But not so here, and the VPPA is only "sufficient to confer standing through [the privacy interest's] deprivation." *Austin-Spearman v. AMC Network Ent. LLC*, 98 F. Supp. 3d 662, 666 (S.D.N.Y. 2015).

Plaintiff closes with a flurry of scattershot objections. *First*, plaintiff contends that the date she last viewed an HGTV video does not establish that she "was aware of [defendant's] surreptitious tracking at that same time." Opp. at 5–6. Plaintiff here conflates her notice-based argument for tolling the statute of limitations, with her burden of establishing subject matter jurisdiction. *Morrison*, 547 F.3d at 170. *Second*, plaintiff contends that "Defendant provides no exhibits or documentation to demonstrate the accuracy of Ms. Winkler's Declaration." Opp. at 6. But the mechanism for challenging record evidence is to contradict that evidence on the record. *See Lamb*, 2023 WL 6318033, at *9. *Third*, plaintiff contends that it would be "inappropriate to blindly accept Defendant's say-so" because defendant has taken "inconsistent positions" on its internal records. Opp. at 6. Again, plaintiff misses her opportunity to place these challenged

statements in dispute.[4] Accordingly, defendant's Rule 12(b)(1) motion to dismiss all individual and representative claims arising in 2022 must be granted.

## II. PLAINTIFF'S CLAIMS PRIOR TO 2022 ARE TIME-BARRED

The remainder of plaintiff's claims are time-barred under the VPPA's two-year statute of limitations. *See* 18 U.S.C. § 2710(c)(3). Plaintiff commenced the instant action in October 2024, thus her recovery period for actionable claims runs back to October 2022. *See* ECF No. 1. But no such claims remain, *see* supra Section I, and plaintiff fails to carry her burden in demonstrating that any form of tolling preserves her claims. *See Clark v. Astrue*, 274 F.R.D. 462, 468 (S.D.N.Y. 2011) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir.2000)). Plaintiff ticks off several tolling doctrines, *see* Opp. at 7–13, but fails to demonstrate the appropriateness of any such doctrine.

Rather than work off any one doctrine, plaintiff aims to recast the operative questions before the Court. *First*, plaintiff contends she lacked notice of the conduct giving rise to her claims because the "complex computer code" at issue is inherently "self-concealing." Opp. at 8. *Second*, plaintiff contends that the privacy policy on defendant's website cannot suffice for notice because she did manifest assent to its terms. *Id.* at 10. In plaintiff's world, absent a privity relationship between an "ordinary website user" and a website operator, *id.* at 8, limitations periods are indefinitely tolled wherever computer code is involved. Of course, that is not the law.

A district court may equitably toll a statute of limitations only where the tolling-proponent demonstrates "some extraordinary circumstance stood in her way," *and* "that she has been

---

[4] Moreover, defendant has never taken inconsistent positions; rather, plaintiff's newsletter enrollment story has changed significantly with her successive pleadings. *See* Mot. at 7 n.5. Plaintiff originally pleaded that she had been enrolled in the newsletter "[w]ithin the last two years." Complaint (ECF No. 1), ¶ 52; First Amended Complain (ECF No. 9), ¶ 52. But this proved inaccurate—she unsubscribed in January 2022, *see* Winkler Decl. ¶ 7, and now contends she was enrolled "since at least 2018." SAC ¶ 7.

pursuing her rights diligently." *Saint-Jean v. Emigrant Mortg. Co.*, 129 F.4th 124, 142, 144-145 (2d Cir. 2025). Plaintiff need not demonstrate maximum diligence, but must show she "acted as diligently as reasonably could have been expected under the circumstances." *Id.* at 142. Under the doctrines of equitable estoppel and fraudulent concealment, "the relevant question is… whether a [reasonably diligent] plaintiff in the circumstances would have been aware of the existence of a cause of action." *See Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004). As foreshadowed, plaintiff navigates these doctrines by attacking a strawman.

Plaintiff was on notice of the challenged practices through the HGTV.com *Privacy Policy*—not the website's underlying code.[5] Mot. at 9. When Plaintiff signed up for the newsletter, a hyperlink to the Privacy Policy was above the signup button. *Id.* (citing SAC ¶ 53). That policy has been linked on the HGTV.com website dating back through 2018, and it details HGTV's use of cookies and other tracking technologies and indicates that certain user information may be shared with third parties. *See Id.* at 9, 10 n.6. Thus, even were "computer code" inherently self-concealing, the challenged practices were set forth by *written word* for a person of reasonable diligence to see. *See Saint-Jean*, 129 F.4th at 142. Indeed, while plaintiff identifies case law discussing the purportedly self-concealing nature of the Meta Pixel, *see* Opp. at 8 (citing *Ade v. Viki, Inc.*, No. 23-cv-02161, 2024 WL 1880153, at *3 (N.D. Cal. Mar. 28, 2024), courts of that same district have found that a privacy policy can suffice to provide inquiry notice notwithstanding the computer code at issue. *See Javier v. Assurance IQ, LLC*, No. 20-cv-02860, 2023 WL 3933070, at *3 (N.D. Cal June 9, 2023). One does not preclude the other.

[5] Even taking plaintiff's reframe head on, plaintiff does not identify a single in-circuit authority finding that use of the Meta Pixel—standing alone—qualifies as self-concealing conduct that "*def[ies] detection*." *See In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F. Supp. 2d 188, 223–24 (E.D.N.Y. 2003).

Boxed in, plaintiff attacks the Court's ability to consider the Privacy Policy at all. But as plaintiff's case law explains, "the documents"—here, the HGTV.com website and its contents—"are incorporated in the pleading[s]" and may be considered in resolving a Rule 12(b)(6) motion. Opp. at 7 n.2 (quoting *United States ex rel. Daugherty v. Tiversa Holding Corp.*, 342 F. Supp. 3d 418, 425 n.1 (S.D.N.Y. 2018)). Indeed, "the website is not only incorporated by reference in the Complaint [it] is at the center of Plaintiffs' allegations, so the Court may consider the website *in its totality as it existed during the relevant time period*."[6] *See Orozco v. Fresh Direct, LLC*, No. 15-CV-8226, 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016) (emphasis added) (collecting cases), *appeal dismissed*, No. 16–3629 (2d Cir. Mar. 10, 2017); *see also Hughes v. Nat'l Football League*, No. 1:22-cv-10743, 2024 WL 4063740, at *1 (S.D.N.Y. Sept. 5, 2024) (considering Privacy Policy in dismissing VPPA claim), *appeal filed*, No. 24-2656 (2d Cir. Oct. 7, 2024).

Next, Plaintiff tries to skirt the Privacy Policy by arguing that she did not assent to its terms. But assent to a contract is not required for notice under any cited tolling doctrine. *See, e.g.*, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012) (explaining that the "clock begins to run" when plaintiff "discovers or reasonably should have discovered the [] injury"). Plaintiff does not say otherwise, but instead tours a dense forest of cases assessing contractual assent to arbitration agreements. *See* Opp. at 10–11 (collecting and citing cases applying New York, California, and Washington contract law). As to the Privacy Policy, plaintiff's discussion of browsewrap and clickwrap agreements is of no moment—no contract need be formed.[7]

[6] Even where a given document is not incorporated by reference into the complaint, the court may consider its contents if "the complaint relies heavily upon its terms and effect, which render the document integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted).

[7] Entirely independent of the Privacy Policy, the action is also time-barred because the HGTV Visitor Agreement provides a one-year limitations period. Under New York law, parties may agree to a shorter limitations period. *Newmont Mining Corp. v. AngloGold Ashanti Ltd.*, 344 F.

Finally, moving beyond the Privacy Policy, plaintiff contends that the VPPA statute of limitations period was tolled under *American Pipe* during the pendency of a related class action. But none of plaintiff's three complaints have made any mention of this case, *Carter v. Scripps Networks, LLC,* 670 F. Supp. 3d 90 (S.D.N.Y. Apr. 24, 2023) (Castel, J.)—a fact that plaintiff squarely acknowledges in her opposition brief. Opp. at 9 n.3. Plaintiff argues that, "[i]f required, [she] can easily amend to include that allegation," *id.*, but plaintiff has already waived her ability to further amend her operative complaint. *See* ECF No. 28 ("At the initial pre-trial conference, plaintiff was offered the opportunity to further amend the Complaint, and plaintiff does not wish to amend."). Plaintiff's own maneuvering has foreclosed this final avenue.[8] Plaintiff's remaining individual and representative claims must be dismissed as time-barred under Rule 12(b)(6).

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE VPPA

Independently sufficient to dismiss plaintiff's suit, plaintiff fails to state a claim for relief under the VPPA. A VPPA violation requires that a "video provider" "knowingly" "disclosed" "the consumer's identity; the video material's identity; and the connection between them." Mot. at 12 (citing *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015)). Plaintiff's

---

Supp. 3d 724, 748 (S.D.N.Y. 2018). The HGTV.com Visitor Agreement, which is incorporated by reference, is available via hyperlink on every HGTV.com webpage and expressly provides that all covered claims "must be commenced within one year of the relevant events." *See* Mot. at 10 n.6. Thus, plaintiff had notice and was aware that by "using the applicable website or application, you accept its terms." *Id.*

[8] Even were *American Pipe* tolling available, Plaintiff miscalculates the applicable tolling period. With notice triggered by the Privacy Policy, the two year recovery window advances with each successive day (i.e. a January 2018 claim expires in January 2020). The *Carter* case, filed in March 2022, was pending for thirteen months. *See Carter*, 670 F. Supp. 3d at 90. In turn, even were claims accruing in the two years prior to that suit's commencement tolled, the clock on each claim continued to run as soon as the action was dismissed. Thus, the only live claims remaining are those that accrued from September 2021 *onwards*. But defendant has no record of plaintiff viewing any video content after August 2021—which plaintiff does not dispute. At bottom, even were plaintiff to amend the pleadings again, amendment would be futile. *See* Fed. R. Civ. P. 15.

operative complaint does not allege *disclosure*, that her *identity* was disclosed, or that defendant *knowingly* made any such disclosure—each of which alone defeats plaintiff's claims.

A. Plaintiff Still Fails to Allege Disclosure of PII

For starters, a disclosure under the VPPA requires an actual transmission of video watching information from a video tape service provider to a third-party—here, Facebook. *See* 18 U.S.C. § 2710(b). But by plaintiff's own admission, the c_user cookies that collect certain user data *only* transmit this data to Facebook when the user is concurrently logged into Facebook on their device. SAC ¶ 24. In turn, to allege a disclosure of information, plaintiff would need to allege she was logged in while watching videos. Plaintiff makes no such allegation, and her own cases illuminate the deficiency. *See* Opp. at 14 (citing *Golden v. NBCUniversal Media*, *LLC*, 688 F. Supp. 3d 150, 158 (S.D.N.Y. 2023) (plaintiff alleges she "was logged into her Facebook account" while she viewed relevant content); *see also Lamb*, 2023 WL 6318033, at *8 (plaintiff alleges she "is also usually logged into her Facebook account" when viewing relevant content).

Most central, plaintiff fails to plead facts sufficient to show that an *ordinary person* could connect any information allegedly disclosed back to *her* identity or viewing history. As defendant's moving papers set forth, the transmission of a Facebook ID alone, does not constitute PII. *See* Mot. at 12–13 (citing *Solomon v. Flipps Media, Inc.*, No. 22-CV-5508 (JMA)(JMW), 2023 WL 6390055 (E.D.N.Y. Sept. 30, 2023), *aff'd*, No. 23-7597-CV, 2025 WL 1256641 (2d Cir. May 1, 2025)). In turn, to plead a VPPA claim, plaintiff must plausibly allege that an "ordinary person" could tie a given piece of information—here, a Facebook ID—to a "specific individual's video-watching behavior." Mot. at 13 (quoting *Wilson v. Triller, Inc.*, 598 F. Supp. 3d 82, 91 (S.D.N.Y. 2022). Plaintiff makes no such allegation *and* contends that the "ordinary person" standard does not control. *See* Opp. at 16 (citing *Lee v. Springer Nature Am., Inc.* No. 24-cv-4493,

2025 WL 692152, at *16 (S.D.N.Y. Mar. 4, 2025)). But the Second Circuit has now adopted the ordinary person standard—precisely as set forth in defendant's motion.

B. <u>The Second Circuit has Foreclosed Plaintiff's Argument on PII</u>

Indeed, intervening authority from the Second Circuit dooms plaintiff's claim. The appellate court has now established that while a Facebook ID *can* constitute PII, a complaint that does not "plausibly allege that an *ordinary person* could identify [plaintiff] through her [Facebook ID]" must be dismissed. *Solomon v. Flipps Media, Inc*., No. 23-7597-CV, 2025 WL 1256641, at *11 (2d Cir. May 1, 2025) (emphasis added) (affirming dismissal where plaintiff "failed to plausibly allege that [defendant] disclosed [PII]"). Put differently, a VPPA claim is not plausibly pled if it merely alleges that certain information was disclosed—that disclosure must be linked to what an "ordinary person" could do with it. *Id.* Transmittal of information to Facebook—a "sophisticated technology company"—is insufficient. *Id.* at *9.

The deficiencies identified in the *Solomon* pleadings map on squarely to those at issue here. The Second Circuit found that plaintiff failed to allege disclosure of her PII because (1) "it is not plausible that an ordinary person" could identify an individual using a c_user transmission (the cookie containing Facebook ID information), and (2) the complaint was "devoid of any details about how an ordinary person would use an FID to identify Solomon." *Id*. at *11. While plaintiff alleges who received certain information, she nowhere indicates what an ordinary person could do with that information.[9] In fact, the *Lee* decision plaintiff relies on chides defendant for

[9] Plaintiff's operative complaint is replete with conclusory assertions that an "ordinary person" could decipher the "advanced matching parameters," various cookies, and "browser identifiers" that were allegedly disclosed—but plaintiff pleads *nothing* to allow the Court to infer as much. SAC ¶¶ 45–48. While plaintiff may be entitled to have inferences drawn in her favor, plaintiff cannot obfuscate her way to a plausibly plead complaint. The pleadings neither indicate that the alleged transmissions contains identifying information on their face or that an "ordinary person" would be able to decipher such information. Mot. at 13–15; *See Solomon*, 2025 WL 1256641, at *11.

"suggest[ing] that the Facebook account would need to reveal Plaintiff's name for it to be PII." *Lee,* 2025 WL 692152, at *16. That is now the law, and plaintiff cannot satisfy its command.

C. Plaintiff Does Not Plead that Her Information Was Disclosed Knowingly

Finally, plaintiff fails to plausibly allege that Defendant knowingly disclosed PII to Facebook. Plaintiff does not dispute that the cookies at issue are Meta's cookies—they are placed by Meta and Meta receives information from these cookies. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 948 (N.D. Cal. 2017) ("Facebook puts cookies on visitors' computers."); *aff'd*, 745 F. App'x 8 (9th Cir. 2018). In lay terms, as plaintiff's briefing and operative complaint acknowledge, it is "a visitor's browser"—not the video provider—that compels disclosure of information to Meta. *See* SAC ¶¶ 45-48. Thus, even if plaintiff's information were disclosed, plaintiff does not allege the requisite scienter element. Plaintiff fails to allege that defendant disclosed information that defendant *knew* could be used to identify users to their viewing history.[10] *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-CV-04570, 2017 WL 3727230, at *9 (S.D.N.Y. Aug. 11, 2017), *adopted by*, 2017 WL 3726050 (S.D.N.Y. Aug. 28, 2017).

## CONCLUSION

For all the foregoing reasons, Scripps respectfully requests that the Court dismiss the Second Amended Complaint in its entirety, with prejudice.

[10] Plaintiff's claims all arise from her use of the HGTV.com website, *see* SAC ¶ 52, and she does not refute that newsletter does not contain the Meta Pixel. Opp. at 20–22. Accordingly, all of plaintiffs allegations must be construed as stemming exclusively from watching videos on the HGTV.com website. *See* SAC ¶ 52.

Dated: May 8, 2025

Respectfully submitted,

*/s/ David L. Yohai*
David L. Yohai
David R. Singh
Blake J. Steinberg

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Phone: (212) 310-8000
Fax: (212) 310-8007
david.yohai@weil.com
david.singh@weil.com
blake.steinberg@weil.com

*Attorneys for Defendant Scripps Networks, LLC*

**Word Count Certification**

Pursuant to Local Rule 7.1(c), I hereby certify that the total number of words in this memorandum, excluding the caption, table of contents, table of authorities, signature block, and word count certification is 2,751.

/s/ *David L. Yohai*
David L. Yohai