**Weil, Gotshal & Manges LLP**

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

June 26, 2025

Honorable Kevin P. Castel
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Constance Simon v. Scripps Networks, LLC*, No. 1:24-cv-08175 (S.D.N.Y.)

Dear Judge Castel:

We write to apprise the Court of intervening Second Circuit authority relevant to Defendant Scripps Networks, LLC's ("Scripps") Motion to Dismiss, decided after Scripps submitted its briefing. The decision in *Hughes v. NFL*, 2025 U.S. App. LEXIS 15216 (2d Cir. June 20, 2025) (Summary Order) (attached as Exhibit A) clarifies that Plaintiff's Complaint cannot stand. *Hughes* relates directly to arguments Scripps made in in its moving and reply briefing that plaintiff failed to plead that the information disclosed would enable an ordinary person to know what videos an HGTV.com visitor watched. *See* Motion to Dismiss ("Mot."), Dkt. 30, at 2, 12-17; Reply in Support of Motion to Dismiss ("Reply"), Dkt. No. 34 at 8-10. Scripps' arguments relied on the district court and Second Circuit decisions in *Solomon v. Flipps Media, Inc.* Mot. at 12-17; Reply at 8-10. *Solomon* forms the basis for the *Hughes* decision, and *Hughes* in turn cements that *Solomon* "effectively shut the door for Pixel-based VPPA claims." Reply at 9; Ex. A, *Hughes* at 2. Scripps also referenced the district court's decision in *Hughes* in its Reply. Reply at 6. While Scripps maintains all prior arguments raised in its briefing, *Hughes*, in conjunction with *Solomon*, is dispositive of this case. The next conference before the Court has not been calendared.

As Scripps' moving papers detail, a violation of the VPPA requires the knowing disclosure of a user's personally identifiable information ("PII"), which "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider[.]" Mot. at 12 (quoting 18 U.S.C. § 2710(a)(3)). In *Solomon*, the Second Circuit zeroed in on this requirement and held that an "ordinary person" must be able to identify a user via an alleged transmission, not merely that a "sophisticated technology company" could do so. Ex. A, *Hughes* at 2. And now, in *Hughes*, the Second Circuit makes two independent findings that map squarely on to Plaintiff's allegations and preclude Plaintiff's ability to demonstrate an actionable disclosure under the VPPA.

***First***, the Second Circuit held that a Pixel transmission involving a video title "interspersed with many characters, numbers, and letters" did not allow "an ordinary person" to identify the video a website user viewed. Ex. A, *Hughes* at 2 (quoting *Solomon*, 136 F.4th at 54). On this score, the screenshots

provided in Plaintiff's Complaint, *see* Second Amended Complaint, Dkt. 22, ¶ 18—are virtually indistinguishable in relevant part from the screenshot that the Second Circuit analyzed in *Hughes*, and thus neither identifiable to an "ordinary person" nor actionable under the VPPA. Ex. A, *Hughes* at 3.

***Second***, the Second Circuit held "the string of numerals following the 'c_user' field" does not disclose a viewer's identity. *Id*. (quoting *Solomon*, 136 F.4th at 54). The Second Circuit explained that an "ordinary person" would not "see the 'c_user' phrase on [this communication] and conclude that the phrase was a person's [Facebook ID]." *Id*. The *Hughes* court's conclusion—rooted in the controlling law of *Solomon*—anchors Scripps' contention that "Plaintiff has failed to plausibly allege that any information was transmitted that identified her via the c_user cookie." Mot. at 12.

Distilling the import of the rulings in *Solomon* and *Hughes*, Plaintiff has not adequately pled that Scripps disclosed information that would allow an ordinary person to identify the videos that she watched on HGTV.com such that she has an actionable VPPA claim. As detailed in Scripps' motion, this deficiency defeats Plaintiff's claim here. *See* Mot. at 12–17. In light of this controlling authority, the Court should grant Scripps' Motion to Dismiss in its entirety and with prejudice.

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai

CC: All Counsel of Record (via ECF)